IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roselyn Wise, ) | |
| ) | C/A No. 3:20-cv-1030-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Piedmont/American Airlines, ) | |
| Michelle Foose, and ) | |
| Donald Peru, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Roselyn Wise filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, asserting both unlawful retaliation for reporting sexual harassment and state law claims for defamation and civil conspiracy. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

**BACKGROUND**

Plaintiff alleges that her employer, Defendant Piedmont/American Airlines,[1] engaged in unlawful retaliation when it terminated her employment on March 20, 2018. Plaintiff further alleges that Piedmont is liable for defamation *per se* on the basis that it, "by and through its agents and employees, falsely accused Plaintiff of unfitness in her profession and criminal

---

[1] Defendants assert in their motion to dismiss that "there is no entity known as 'Piedmont/American Airlines," and that Plaintiff was employed by Piedmont Airlines, Inc., hereinafter referred to as "Piedmont." *See* (ECF No. 22 at 1 n.1).

activity." ECF No. 1 at 5. Plaintiff alleges that station manager, Defendant Donald Peru, and Human Resources officer, Defendant Michelle Foose, conspired to retaliate against her for her reports accusing her supervisor, David Hibbert, of sexual harassment. *Id.* at 6-8. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and notes the parties are not diverse. *See* ECF No. 1 at ¶¶ 1, 4.

On June 2, 2020, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) for lack of personal jurisdiction, improper service, and failure to state a claim, asserting, among other arguments, that Plaintiff's use of certified mail was insufficient to effect service on any Defendant, the Title VII claim is untimely because Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of her termination, and the state law claims fail as a matter of law. ECF No. 22. The following day, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that the court could dismiss her complaint should she fail to respond to the motion to dismiss. ECF No. 26. The Magistrate Judge also entered a scheduling order setting in relevant part a deadline of July 2, 2020 by which to file amended pleadings. ECF No. 27. Plaintiff thereafter moved for an extension of time to obtain counsel, properly serve Defendants, and file a response to the motion to dismiss. ECF No. 34. The Magistrate Judge granted the motion and extended the deadline to effect service and file a response to August 8, 2020. ECF No. 35.

Attorney Eric Chalmers Poston entered an appearance on behalf of Plaintiff on July 9, 2020. ECF No. 39. On July 24, 2020, Plaintiff through her attorney filed an opposed motion for an extension of time to amend the complaint. ECF No. 42; *see* ECF No. 43. The motion did not include a proposed amended complaint or specify how Plaintiff intended to amend the pleading.

Plaintiff did not file a response to the motion to dismiss by the extended deadline and, on August 14, 2020, the Magistrate Judge set a telephonic status conference to "discuss matters related to scheduling and any other topics which may aid in the efficient progression of this case." ECF No. 45. Plaintiff's counsel failed to appear for the status conference, ECF No. 48 at 1 n.1, and the Magistrate Judge thereafter denied the motion for an extension of time to amend the complaint, ECF No. 46.

On August 28, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the court grant the motion to dismiss and dismiss the action without prejudice. ECF No. 48. The Magistrate Judge recited the legal standards governing motions filed pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6) and found, "[f]or the reasons argued by the defendants in their motion [] and based on the authorities cited therein," that Plaintiff had failed to properly serve Defendants and, in the alternative, that the Title VII claim is untimely and the state law claims fail as a matter of law. ECF No. 48. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of her right to file an objection to the Recommendation. ECF No. 48 at 4. Plaintiff did not file an objection to the Recommendation and to date has not filed a response to the motion to dismiss.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir.

1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Notwithstanding Plaintiff's failure to object, the court has thoroughly reviewed the record and adopts the Recommendation in part.

## DISCUSSION

First, with respect to service, the court agrees that Plaintiff failed to effectively serve Defendants Piedmont and Foose and finds that it is not entirely clear whether Plaintiff effectively served Defendant Peru. The Federal Rules of Civil Procedure provide that a corporation and an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e), (h). South Carolina law permits a corporation and an individual to be served by registered or certified mail where a return receipt is requested and delivery is restricted to the addressee. SCRCP 4(d)(8). Therefore, to properly serve Defendants under South Carolina law via certified mail, Plaintiff was required to restrict delivery to the addressee and to obtain a return receipt. *See Roche v. Young Bros. of Florence*, 456 S.E.2d 897, 900 (S.C. 1995) (explaining that Rule 4(d)(8) of the South Carolina Rules of Civil Procedure "requires that the return receipt be restricted to the addressee and show acceptance by the defendant"). *See also Langley v. Graham*, 472 S.E.2d 259, 260 (S.C. Ct. App. 1996) (finding service to be improper in part because the delivery of the summons and complaint was not restricted to addressee only).

As to Defendant Piedmont, Plaintiff addressed service to "Piedmont/American Airlines," not the entity's proper name, and failed to restrict receipt to the addressee. ECF No. 21-1 at 1. The return receipt was signed by a Katarina Parish, whom Defendants represent is a front desk receptionist. *Id.*; ECF No. 22-5 at 6. As to Defendant Foose, while it is unclear

4

whether Plaintiff requested restricted delivery, the summons and complaint were returned as "not deliverable as addressed and unable to forward," and thus Plaintiff did not receive a receipt. ECF No. 40-1.  Finally, as to Defendant Peru, it is entirely unclear from the docket whether Plaintiff restricted delivery of the summons and complaint and whether she received a return receipt.  *See* ECF No. 41.

Plaintiff attempted to serve Defendants Piedmont and Foose in Maryland and Defendant Peru in North Carolina.  Maryland law permits service on individuals and corporations by mail and provides that service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting 'Restricted Delivery.'"  Md. Rule 2-121(a)(3).  Where service is made by certified mail, "the proof shall include the original return receipt."  *Id.*  Service is made upon a corporation by serving its resident agent, president, secretary, or treasurer.  North Carolina law similarly provides that a person can effect service on an individual by certified mail by "mailing a copy of the summons and of the complaint . . . return receipt requested, addressed to the party to be served, and delivering to the addressee."  N.C. R. Civ. P. 4(j)(1)(c).

As mentioned, Plaintiff did not request restricted delivery for Defendants Piedmont or Foose and she did not obtain a return receipt for Foose.  Additionally, she mailed the summons and complaint to "Piedmont," rather than to a person authorized to accept service, such as Piedmont's resident agent, president, secretary, or treasurer.  *See* Md. Rule 2-124(o).  Plaintiff's attempts to effect service on Defendants Piedmont and Foose fail under Maryland law just as they fail under South Carolina law.  Again, with respect to Defendant Peru, the docket does not reflect that Plaintiff received a return receipt, without which she cannot effect service under North Carolina law.

The court notes that the Supreme Court of South Carolina has "never required exacting compliance with the rules to effect service of process," *Roche*, 456 S.E.2d at 899, and rather instructs that the court inquire into whether "the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Id.* Plaintiff bears the burden here of establishing that she effected service on Defendants in accordance with Federal Rule of Civil Procedure 4. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). However, in determining whether Plaintiff has satisfied her burden, the court should construe the technical requirements of service liberally, as long as the defendant had actual notice of the pending suit. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963). Of course, Defendants received sufficient notice of this lawsuit as evidenced by counsel's entry of appearance on their behalf. In any event, and notwithstanding the deficiencies identified in Plaintiff's efforts to effect service, the court agrees with Defendants that Plaintiff's Title VII claim is not timely.

Title VII makes it unlawful to discriminate against an employee because, in relevant part, she "has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). "Employees engage in protected oppositional activity when, inter alia, they 'complain to their superiors about suspected violations of Title VII.'" *Boyer-Liberto v. Fontainbleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015). A plaintiff must first exhaust her administrative remedies with the EEOC before she can initiate a Title VII lawsuit in federal court. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); 42 U.S.C. § 2000e-5(f)(1). Here, because Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission, her deadline for filing a charge with the EEOC was 300 days from the date when the alleged unlawful employment practice occurred. *Jones v. Calvert Group, Ltd.*, 551

6

F.3d 297 (4th Cir. 2009) *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019); 42 U.S.C. § 2000e-5(c), (e).  As outlined in the motion to dismiss, on February 7, 2019, Plaintiff filed her discrimination charge with the EEOC, complaining of retaliatory conduct that occurred on March 20, 2018, when Defendant Piedmont terminated her employment.  ECF No. 22-1.  Plaintiff filed the charge 324 days after the allegedly unlawful conduct.  The failure to file a timely charge with the EEOC bars the claim in federal court. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994).  And, while, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982), Plaintiff alleges no basis on which the court might find that the delay is subject to tolling.  Therefore, the court finds that the Title VII claim is time-barred.

On dismissing the Title VII claim, only state law claims for conspiracy and defamation remain.  Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the[y] shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy."  The court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  In deciding whether to exercise supplemental jurisdiction, the court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."  *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)).  Mindful of those values and the early stage of this litigation, and considering the circumstances of this particular

case and the nature of the state law claims, the court declines to exercise supplemental jurisdiction here.

Accordingly, the court adopts in part the Recommendation, ECF No. 48, and grants the motion to dismiss, ECF No. 22, as to the Title VII claim. The court declines to exercise supplemental jurisdiction over the state law claims and dismisses the entire action without prejudice.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: September 23, 2020
Columbia, South Carolina